**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| In Re: | NICHOLAS V. COPPA | : | CHAPTER 13 |
| | | : | |
| | Debtor | : | |
| | | : | BANKRUPTCY NO. 15-12430 |
| | | : | |
| | | : | SECOND AMENDED |
| | | : | CHAPTER 13 PLAN |

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the notice issued in connection with the filing of the plan. If the Debtor's bankruptcy estate was liquidated under chapter 7 of the Bankruptcy Code, the allowed unsecured creditors would be paid $1,826.28.

**PLAN PROVISIONS DISCHARGE**:

The debtor will seek a discharge of debts pursuant to Section 1328(a).

**1.    PLAN FUNDING AND LENGTH OF PLAN**

A.    This Chapter 13 Plan shall remain in effect for sixty months. The Debtor shall submit to the supervision and control of the Trustee $450.00 per month for the first 10 months; $750.00 per month for the next 10 months; $1,300.00 per month for the next 10 months; $1,900.00 per month for the next 10 months; and $2,295.00 per month for the final 20 months of the plan. The total plan funding is $89,900.00.

B.    The debtor is responsible for funding the plan.

**2.    SECURED CLAIMS**

A.    <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made on the first mortgage loan held by CitiMortgage, and serviced by Seterus, by the Debtor directly to Seterus outside of this Second Amended Chapter 13 Plan.

Payments will be made on the second mortgage loan held by Malvern National Bank, by the Debtor directly to Malvern National Bank outside of this Second Amended Chapter 13 Plan. There is an arrearage of $14,066.27, which will be cured through this Second Amended Chapter 13 Plan.

The Pennsylvania Department of Revenue holds a claim that is secured by the Debtor's

residence in the amount of $8,523.96, which shall be paid through this Second Amended Chapter 13 Plan.

B.  Arrears.  The arrearage on the Debtor's first mortgage loan is $49,466.74. The arrearage on the Debtor's second mortgage loan is $14,066.27. These arrearages shall be paid through this Second Amended Chapter 13 Plan.

## 3. PRIORITY CLAIMS

A.  Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4). The priority portion of the claim filed by the Pennsylvania Department of Revenue is $4,595.52, which shall be paid through this Second Amended Chapter 13 Plan.

B. Administrative Claims:  (1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney Fees. Attorney's fees, not to exceed $5,000.00, will be paid to the Debtors' attorney on an hourly basis through this Chapter 13 Plan.

## 4. UNSECURED CLAIMS

A.  Claims of Unsecured Non-Priority Creditors Specially Classified. There are no unsecured non-priority specially classified claims to be paid through this Chapter 13 Plan.

B.  Funding.  Unsecured creditors who timely file proofs of claim that are allowed shall be paid on a pro rata basis.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

A. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate): The Debtors have no executory contracts or unexpired leases to which they are parties to.

## 6. ORDER OF DISTRIBUTION

Payments from the plan will be made by the trustee in the following order:

Priority/Administrative claims;
Arrearages on secured claims;
General unsecured claims; and
Untimely filed unsecured claims to which the debtor has not objected.

**7.    REVESTING OF PROPERTY**

Property of the estate will vest in the debtor upon confirmation

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

1. All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

2. If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objections, if appropriate.

3. In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

4. If debtor is successful in obtaining a recovery in any personal injury or other litigation in which debtor is the plaintiff during the term of this plan, any such recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtor's regular plan payments, for the benefit of the unsecured creditors.

Dated: October 3, 2015                                   /s/ Robert J. Lohr II
                                                         Attorney for the Debtor

_____

Nicholas V. Coppa